IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>KIYEAN A BROWN<br>ERIN K BEAN<br>     Debtors,<br><br>SERVBANK, SB<br>          Movant,<br><br>     v.<br><br>KIYEAN A BROWN, and<br>ERIN K BEAN, and<br>KENNETH E. WEST, Trustee,<br>     Respondents. | Bankruptcy No. 25-10590-amc<br><br>Chapter 13 |

OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

AND NOW COMES, Movant, Servbank, SB (the "Movant"), by and through its undersigned counsel, Bernstein-Burkley, P.C., and files this Objection to Confirmation to the Debtor's Chapter 13 Plan (the "Objection") filed February 14, 2025, stating as follows:

1. Respondents, Kiyean A. Brown and Erin K. Bean (the "Debtor") filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on February 14, 2025 (the "Petition Date").

2. Kenneth E. West is the duly appointed Chapter 13 Trustee and is currently acting in such capacity.

3. Servbank, SB, holds a mortgage (the "Mortgage") on the Debtor's real property located at 370 E. Springfield Road, Springfield, Pa 19064 ("Property"), recorded in the Office of the Recorder of Deeds for Delaware County, Pennsylvania, to secure a Note (the "Note") with a principal balance of $353,479.00. True and correct copies of the Mortgage and Note are attached hereto as Exhibits "A" and "B" respectively.

4. Debtor executed a promissory note secured by a mortgage or deed of trust. The promissory note is either made payable to Movant, has been duly endorsed or Movant, directly or through an agent, has possession of the promissory note and may enforce the promissory note as a transferee in possession. Movant is the original mortgagee or beneficiary or the assignee of the mortgage or deed of trust. If the

original promissory note is lost or destroyed, then Movant will seek to prove the promissory note using a lost note affidavit.

5. The Contract requires monthly payments of $1,458.36, current annual interest rate is 5.750%.

6. The total debt on the Mortgage and Note as of February 28, 2025, was $344,326.63. The total pre-petition arrears due at the Petition Date was $1,193.31. These amounts will be outlined in Movant's Proof of Claim that will be filed prior to the bar date.

7. Debtor's Chapter 13 Plan filed February 14, 2025, fails to provide treatment for Movant's pre-petition arrears.

8. The Debtor's Chapter 13 Plan fails to cure Movants pre-petition and properly treat Movant's Proof of Claim as filed and therefore fails to comply with 11 U.S.C. § 1322.

WHEREFORE, Movant, Servbank, SB, respectfully requests that this Honorable Court deny confirmation of the Debtor's Chapter 13 Plan.

Dated: February 28, 2025

Respectfully submitted,

BERNSTEIN-BURKLEY, P.C.

By: /s/*Keri P. Ebeck*
Keri P. Ebeck, Esq.
PA I.D. # 91298
kebeck@bernsteinlaw.com
601 Grant Street, 9th Floor
Pittsburgh, PA 15219-
Phone - (412) 456-8112
Fax - (412) 456-8135

*Counsel for Servbank, SB*